[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By complaint dated May 18, 2000, the plaintiff, Bridget Cummins, commenced this action seeking dissolution of marriage on the grounds of irretrievable breakdown, and other equitable relief. The defendant, Hansen Cummins, appeared through counsel, on June 7, 2000.
This matter was tried to the court on February 1, 2002; both parties were represented by counsel. Testimony was received from several witnesses, including the parties, the sister-in-law of the defendant, the plaintiff's economic expert, and a friend of the defendant, who worked with him for several years. From the testimony and evidence produced at the trial, and after carefully assessing the demeanor and credibility of the witnesses, the court finds the following to have been proven.
The plaintiff, whose maiden name was Riordan, married Hansen Cummins in Stowe, Vermont on August 5, 1995. Two children were born to this couple: Georgia M. Cummins, born on April 22, 1995 and August N. Cummins, born on April 23, 1998. No other children were born to the plaintiff since the date of the marriage. Neither party has received assistance through the State of Connecticut or any municipality thereof. The plaintiff was a resident of the State of Connecticut for at least twelve months prior to the initiation of this action. This court, therefore, has jurisdiction over the parties and this marriage.
The plaintiff wife is 35 years old and graduated from Boston University with a bachelor of science degree in hotel and food administration, although she is not utilizing this degree in her current occupation. She has been employed at The Gap for several years; since August of 2000 she has been working full time. The plaintiff wife's present position is Assistant Manager, and she receives a weekly salary of $652.00. The defendant husband is 39 years old and holds a bachelor of science degree in geology from the University of Vermont. The parties are in good CT Page 3060 health.
The defendant currently owns an environmental consulting and engineering firm, Cummins Envirotech, Inc., which has been in operation since March or April, 2001. Prior to this business, the defendant was co-owner of Environmental Concepts, Inc., a corporation providing similar services. Due to a number of factors, including legal difficulties and a worsening market, Environmental Concepts, Inc. has primarily ceased functioning and has negligible current value. When Environmental Concepts, Inc., disintegrated, the defendant did not seek employment with an established environmental firm; rather, chose to create his own business, Cummins Envirotech, Inc.
The personal jointly filed tax returns of the parties were admitted into evidence for the years 1997-2000. The defendant's income from Environmental Concepts, Inc., fluctuated during that period, ranging as follows: $73,000 in 1997, $180,000 in 1998, $51,000 in 1999 and $73,000 in 2000. The court credits Mr. Cummins' testimony and finds that his income in 2001 was $47,000, and that his 1998 earnings were abnormally high. The defendant also receives a truck and cell phone through work, which are utilized, in part, for personal use. The court finds that Mr. Cummins is an experienced and skilled environmental consultant. Based on the above, the court finds that Mr. Cummins' earning capacity is $65,000.00 per year.
The plaintiff wife filed for dissolution after learning that the defendant was engaging in an affair with a co-worker, Tanya, and subsequent to the plaintiffs initiating a physical altercation with Tanya on May 11, 2000. The affair commenced in 1999, owing, in part, to the defendant's feeling of distance from the plaintiff wife, who was disapproving and demeaning towards him. The defendant was arrested in June of 2000 on a domestic violence charge and attended a court ordered alcohol program, after which the charges were dismissed. Alcohol use by the defendant was a factor in the breakdown of this marriage, as was his affair, violence on the part of both parties, and the plaintiff's negativity towards the defendant.[1]
Orders
The court has considered all of the testimony and exhibits entered at trial, the parties' financial affidavits and proposed orders as well as the factors enumerated in Connecticut General Statutes §§ 46b-81,46b-82, 46b-84, 46b-62, 46b-56 and other relevant statutes and regulations. Judgment shall enter dissolving the marriage of the parties on the ground of irretrievable breakdown. It is further ordered that: CT Page 3061
1. Custody
The parties will share joint legal custody of their two minor children; primary residence of the children will be with the plaintiff mother. The father will have liberal rights of visitation, including, but not limited to every other weekend from Friday, 2:00 p.m. to Sunday, 5:00 p.m., and one midweek, overnight visit per week.
2. Child Support
The defendant shall pay child support to the plaintiff in the amount of $241.00 per week, and child care contribution of 45%, currently in the amount of $78.00 per week, which sums comport with the child support guidelines based on the defendant's earning capacity as stated above. The total support order is $319.00 per week. The presumptive payment utilizing the defendant's 2001 income as reported on his financial affidavit would be $182.00 per week. Based on the defendant's earning capacity the court finds that adherence to the presumptive payment would be inappropriate and inequitable; therefore, deviates from the presumptive amount.
3. Medical Insurance and Unreimbursed Expenses
The parties shall maintain medical insurance for the minor children as available through their employment. The defendant shall pay 45% of any unreimbursed medical, dental, orthodontic, ophthalmologic, psychological, and psychiatric expenses, and the plaintiff shall pay 55% of such expenses. If insurance is unavailable through the parties' employment, the plaintiff shall secure insurance through the Husky Program, with the cost of any premium to be paid 62% by the defendant and 38% by the plaintiff. These amounts are in accordance with the child support guidelines.
4. Tax Exemptions
The parties shall each be entitled to one dependency exemption for the minor children, and shall sign and provide to the other Form 8332. When the dependency exemption is lost for one child, the parties shall thereafter alternate the exemption for the remaining child. The plaintiff shall take the exemption the first such year.
5. Life Insurance
Each party shall maintain life insurance on his/her life in the amount of $100,000.00 for the benefit of the children, until the younger child attains the age of twenty-two. Proof of this insurance shall be provided CT Page 3062 to the other party within 60 days of the date of dissolution.
6. Liabilities and Debts
Each party shall pay the debts as listed in his/her name, and as shown on their respective financial affidavits, and hold the other harmless as to all such debt.
7. Property Distribution
Each party shall retain sole ownership of his/her bank accounts, automobiles, retirement funds and the personal property in his/her possession. The defendant will return the plaintiff's wedding ring and engagement ring to her within one week of the date of this dissolution. The plaintiff will retain ownership of the Jeep, the AG Edwards account and the Edward Jones account. The defendant shall transfer any custodial accounts for the minor children to the plaintiff. The plaintiff shall waive any claim that she may have to the business interest known as Environmental Concepts, Inc.
8. Alimony
The defendant shall pay to the wife alimony in the amount of $50.00 per week until and including July 31, 2006. This alimony shall terminate upon the death of either party or the remarriage of the plaintiff, and is modifiable as to amount, but not duration in accordance with the provisions of Connecticut General Statutes § 46b-86. The parties shall exchange personal tax returns for the year prior, and the defendant shall provide the plaintiff with his business tax returns for the year prior, by June 1St of each year in which the defendant pays alimony.
9. Each party shall sign any necessary documents to effectuate the orders contained herein.
10. The plaintiff's Motion for Contempt is denied.
11. If the parties have not attended the parenting classes, they are order to do so within 90 days of the date of this dissolution.
12. Each party is responsible for his/her own attorney's fees.
BY THE COURT,
CAROL WOLVEN, J.